U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
**ENTERED**
THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHALL, CLERK

_____

U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| FOSSIL CREEK GROUP, LTD., *et al.*, | § | Case No. 11-40669-rfn-11 |
| | § | |
| Debtors. | § | **Jointly Administered** |

### FINDINGS OF FACT AND CONCLUSIONS ON LAW REGARDING PINNACLE BANK'S MOTION FOR DETERMINATION OF ASSET AS SINGLE ASSET REAL ESTATE

On May 16, 2011, the court held a hearing on Pinnacle Bank's Motion for Determination of Asset as Single Asset Real Estate (the "Motion"). Upon consideration of the Motion, the Debtors' response, the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052:

#### Findings of Fact

1. On January 31, 2011, each of the fifteen Debtors filed voluntary chapter 11 petitions.

2. On February 11, 2011, the Court entered an order directing the joint administration of the Debtors' cases.

3. The Motion pertains only to 287 Commercial Partners, Ltd. ("Debtor 287"), which is one of the Debtors is these jointly administered cases.

4. Debtor 287 did not designate itself as a single asset real estate case in its chapter 11 petition.

5. Debtor 287 owns a 14.736 acre tract of raw, undeveloped land along U.S. Highway 287 in Fort Worth, Texas (the "Property").

6. Pinnacle Bank holds lien on the Property to secure its claim against Debtor 287.

7. The Property is real property, and it is the only real property owned by Debtor 287.

8. Debtor 287 does not conduct farming activities on the Property.

9. Debtor 287 acquired the Property in 2008.

10. The Property has never generated any income for Debtor 287.

11. Debtor 287 has no business other than owning that property.

12. Debtor 287's bankruptcy schedules list personal property, including four promissory notes with a combined principal balance of approximately $1.2 million. Each of the promissory notes is payable to Debtor 287 at the rate of 8% per annum.

13. Debtor 287 accounts for the interest earned on the promissory notes on its internal accounting records, but it has not received cash payments of interest.

14. Debtor 287's tax returns reflect the interest income earned from the promissory notes.

15. Debtor 287 has issued Schedule K-1's to its partners to account for each partner's allocable share of the interest income earned by Debtor 287.

16. Debtor 287 recognized interest income of $83,170 in 2009 and $148,170 in 2010. It continues to earn interest in 2011.

### Conclusions of Law

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157.

2. The Motion seeks a determination that the Property is a "single asset real estate" under section 101(51B) of the Bankruptcy Code, therefore the requirements of section 362(d)(3) are applicable.

3. Section 101(51B) defines a single asset real estate as:

    > real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating real property and activities incidental.

4. In construing the Bankruptcy Code, the Court must apply the plain meaning rule: if the statute is clear and unambiguous, absent an absurd result, it must be applied as written. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004).

5. In the *Scotia Pacific* case, the Fifth Circuit held that all elements of the single asset real estate definition must be met or a debtor is not a single asset real estate debtor. *Scotia Pacific Company LLC v. The Pacific Lumber Co. (In re Scotia Pacific Company LLC)*, 508 F.3d 214, 220 (5th Cir. 2007). The *Scotia Pacific* Court described the definition of "single asset real estate" as having the following three prongs: (a) the debtor must have real property constituting a single project; (b) which generates substantially all of the

gross income of the debtors, and (c) on which no substantial business is conducted other than the business of operating the property. *Id.*

6. The Property satisfies first and last requirements of the definition, but it does not satisfy the second prong, because the Property does not generate substantially all of Debtor 287's gross income. The Property itself generates no income.

7. Debtor 287's only income is from the interest on the promissory notes. The interest is income to Debtor 287. Even though Debtor 287 may not receive cash payments of the interest income, it accrues the interest as income in it accounting records and reports the interest as income for federal income tax purposes.

8. The Court cannot conclude that substantially all of the Debtor 287's income is derived from the Property. Accordingly, the Property is not a "single asset real estate" under the Bankruptcy Code, and section 362(d)(3) does apply.

9. Whether the Property has any equity is not relevant to a determination of whether this is a single asset real estate case, accordingly the court makes no findings and conclusions with respect to those issues.

Any finding of fact more appropriately construed as a conclusion of law shall be so construed and vice versa. Based on the foregoing findings of fact and conclusions of law, the court will enter a separate order denying the Motion.

### ###End of Findings of Fact and Conclusions of Law###